# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TENNESSEE GAS PIPELINE COMPANY, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> PERMANENT EASEMENT FOR 7.053 ACRES, PERMANENT OVERLAY EASEMENT FOR 1.709 ACRES AND TEMPORARY EASEMENTS FOR 8.551 ACRES IN MILFORD AND WESTFALL TOWNSHIPS, PIKE COUNTY PENNSYLVANIA, TAX PARCEL NUMBERS 097.00-01-24 AND 097.00-01-24.001, KING ARTHUR ESTATES, ET AL., <br><br> Defendants. | NO. 3:12-CV-01477 <br><br> (JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before me is the Motion to Amend Memorandum and Order Dated August 30, 2017 to Permit Appeal Pursuant to 28 U.S.C. § 1292 (Doc. 45) filed by Defendants King Arthur Estates, L.P. ("King Arthur") and Riothamus Corporation ("Riothamus") (collectively "Defendants"). Because the requirements for an immediate appeal set forth in 28 U.S.C. §1292(b) are satisfied here, Defendants' motion will be granted and the August 30, 2017 Order will be certified for appeal on the question of whether federal law governs the substantive determination of just compensation in condemnation actions commenced under the Natural Gas Act, 15 U.S.C. § 717 *et seq*.

## I. Background

Tennessee Gas Pipeline Company, L.L.C. ("Tennessee") filed the Complaint in condemnation of property pursuant to Federal Rule of Civil Procedure 71.1 on or about July 31, 2012. (*See* Doc. 1). In the Complaint, Tennessee sought to acquire a permanent easement and temporary easements (the "Rights of Way") on properties (the "subject properties") owned by King Arthur in Pike County, Pennsylvania. (*See id.*). Prior to the filing of the Complaint, Tennessee owned an existing permanent easement of varying width across King Arthur's property. (*See id.* at ¶ 15; *see also* Doc. 3, ¶ 15).

On October 2, 2012, a Stipulated Order was entered granting Tennessee the right to access and possess the Rights of Way as identified in the Complaint. (*See* Doc. 10). Tennessee subsequently posted the bond as required in the Stipulated Order and took access and possession of the Rights of Way. (*See* Doc. 11).

After the action was administratively reopened, (*see* Doc. 14), the parties engaged in discovery pertinent to the determination of just compensation. (*See*, *e.g.*, Doc. 16). Following the close of discovery, Tennessee filed a motion for partial summary judgment. (*See* Docs. 27-29). King Arthur opposed Tennessee's summary judgment motion, (*see* Doc. 33), and Tennessee filed a reply thereto. (*See* Doc. 38).

On August 30, 2017, I granted in part and denied in part Tennessee's summary judgment motion. For purposes relevant here, I held that just compensation in this action would be determined by application of federal law. *See Tennessee Gas Pipeline Co. v. Permanent Easement for 7.053 Acres (King Arthur)*, No. 12-1477, 2017 WL 3727449, at *4 (M.D. Pa. Aug. 30, 2017). In that opinion, I noted that I had previously decided that "'federal law governs the substantive determination of just compensation in a condemnation action commenced under the Natural Gas Act.'" *Id.* (quoting *Tennessee Gas Pipeline Co. v. Permanent Easement for 1.7320 Acres and Temporary Easements for 5.4130 Acres in Shohola Twp., Pike Cnty. (Fox Hollow)*, No. 11-028, 2014 WL 690700 (M.D. Pa. Feb. 24, 2014)). As was the case when I

2

decided *Fox Hollow*, "neither the United States Supreme Court nor the United States Court of Appeals for the Third Circuit has addressed whether federal or state law should be utilized in calculating just compensation in condemnation actions under the Natural Gas Act." *Id*. Moreover, review of recent case law decided after *Fox Hollow* confirmed that courts continue to diverge on whether federal or state law governs the measure of compensation in proceedings under the Natural Gas Act. *Id*. (citing *Sabal Trail Transmission, LLC v. Real Estate*, No. 16-063, 2017 WL 2783995, at *7 (N.D. Fla. June 27, 2017) (applying state law); *Equitrans, L.P. v. 0.56 Acres More or Less of Permanent Easement Located in Marion County, W. Va.*, No. 15-106, 2017 WL 1455023, at *1 (N.D. W. Va. Apr. 21, 2017) (applying state law); *Columbia Gas Transmission, LLC v. An Easement to Construct, Operate and Maintain a 20-Inch Gas Transmission Pipeline Across Properties in Washington County, Pa.*, No. 16-1243, 2017 WL 1355418, at *2 (W.D. Pa. Apr. 13, 2017) (applying federal law); *Columbia Gas Transmission, LLC v. 252.071 Acres, More or Less, in Baltimore Cnty., Md.*, No. 15-3462, 2016 WL 7167979, at *3 (D. Md. Dec. 8, 2016) (applying federal law)). Under those circumstances, I remained of the view that compensation in just compensation proceedings under the Natural Gas Act should be determined by federal law. *See id*.

On September 21, 2017, Defendants filed the instant motion requesting the August 30, 2017 Memorandum and Order be certified to the Third Circuit for an interlocutory appeal. (*See* Doc. 45, *generally*). Defendants filed their brief in support of the motion on October 3, 2017. (*See* Doc. 46, *generally*). Tennessee's brief in opposition was filed on October 17, 2017, (*see* Doc. 47, *generally*), and Defendants' reply brief in further support of their motion was submitted on October 31, 2017. (*See* Doc. 48, *generally*). Defendants' motion is now fully briefed and ripe for disposition.

## II. Legal Standard

Pursuant to 28 U.S.C. § 1292(b), a district judge may certify an order for immediate appeal if the judge finds that the order "involves a controlling question of

3

law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).[1] The decision to certify an order for immediate appeal lies within the sound discretion of the district court. *Orson, Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 320 (E.D. Pa. 1994) (citing *Del. Valley Toxics Coal. v. Kurz-Hastings, Inc.*, 813 F. Supp. 1132, 1142 (E.D. Pa. 1993)). However, the district court should exercise its discretion mindful of the strong policy against piecemeal appeals. *Link v. Mercedes-Benz of N. Am.*, 550 F.2d 860, 863 (3d Cir. 1977), *cert. denied*, 431 U.S. 933 (1977). The burden is on the movant to demonstrate that such an appeal is warranted. *Orson, Inc.*, 867 F. Supp. at 320 (citing *Rottmund v. Cont'l Assur. Co.*, 813 F. Supp. 1104, 1112 (E.D. Pa. 1992)).

Section 1292(b) "imposes three criteria for the district court's exercise of discretion to grant a § 1292(b) certificate." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). "The order must (1) involve a 'controlling question of law,' (2) offer 'substantial ground for difference of opinion' as to its correctness, and (3) if appealed immediately 'materially advance the ultimate termination of the litigation.'" *Id.* (quoting § 1292(b)). A "district court should certify an order for immediate appeal only if all three requirements are met." *Orson, Inc.*, 867 F. Supp. at 321 (citing *Piazza v. Major League Baseball*, 836 F. Supp. 269, 271 (E.D. Pa. 1993)).

---

[1] District courts may grant a motion to certify an order for interlocutory appeal and enter an amended order which includes the certification pursuant to § 1292(b). *See Matter of Hamilton*, 122 F.3d 13, 14 (7th Cir. 1997) (citing *Marisol by Forbes v. Giuliani*, 104 F.3d 524, 527-29 (2d Cir. 1996); *Weir v. Propst*, 915 F.2d 283, 286 (7th Cir. 1990); *In re Benny*, 812 F.2d 1133, 1136-37 (9th Cir. 1987); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 245-48 (7th Cir. 1981)); *see also Eisenberger v. Chesapeake Appalachia, LLC*, No. 3:09-CV-1415, 2010 WL 1816646, at *3-*4 (M.D. Pa. May 5, 2010) (Caputo, J.); *St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Elecs. Co., Ltd.,* 2010 WL 430817, at *2 (D. Del. Feb. 4, 2010) ("A court may grant a motion to certify and issue an amended order after an initial ruling on the merits."). The time for Defendants to file their petition with the Third Circuit runs from the date of entry of the amended order. *See Matter of Hamilton*, 122 F.3d at 14 (citing Fed. R. App. P. 5(a)).

### III. Discussion

Here, Defendants demonstrate that the August 30, 2017 Memorandum and Order satisfy the requirements of § 1292(b). As such, Defendants' motion will be granted.

The first criterion under § 1292(b) is met because the prior Order involves a "controlling question of law." A question of law is controlling if: (1) an incorrect disposition would constitute reversible error; or (2) it is serious to the conduct of the litigation, either practically or legally. *Nationwide Life Ins. Co. v. Commonwealth Land Title Ins. Co.*, No. 05-281, 2011 WL 1044864, at *2 (E.D. Pa. Mar. 23, 2011) (citing *Katz*, 496 F.2d at 755). "[O]n the practical level, saving of time of the district court and of expense to the litigants was deemed by the sponsors [of 28 U.S.C. § 1292(b) ] to be a highly relevant factor." *Katz*, 496 F.2d at 755 (citation omitted). Tennessee does not appear to dispute that the decision that federal law governs the determination of just compensation constitutes a controlling question of law in the matter *sub judice*. (*See* Doc. 47, 4-6). Significantly, if this finding is incorrect and just compensation is to be determined by reference to state law, Defendants would likely be able to recover damages that are otherwise not permitted under federal law and the decision to the contrary would constitute reversible error. It also makes practical sense to have the Third Circuit resolve this issue now. The only issue remaining in this litigation is a trial limited to a determination of just compensation, and, if the Third Circuit would find that just compensation in Natural Gas Act proceedings is governed by state law, the parties would have to expend resources on a second trial absent an interlocutory appeal.

Second, a "substantial ground for difference of opinion" exists as to whether federal or state law governs the measure of compensation in Natural Gas Act cases. A substantial ground for difference of opinion about a particular issue exists "when the matter involves 'one or more difficult and pivotal questions of law not settled by controlling authority.'" *Nationwide Life Ins. Co.*, 2011 WL 1044864, at *2 (quoting

*McGillicuddy v. Clements*, 746 F.2d 76, 76 n.1 (1st Cir. 1984)); *see also Cuttic v. Crozer-Chester Med. Ctr.,* 806 F. Supp. 2d 796, 804-05 (E.D. Pa. 2011) ("[S]ubstantial grounds for difference of opinion exist where there is general doubt or conflicting precedent as to the correct legal standard."). "The clearest evidence of 'substantial grounds for difference of opinion' is where 'there are conflicting interpretations from numerous courts.'" *Knopick v. Downey*, 963 F. Supp. 2d 378, 398 (M.D. Pa. 2013) (quoting *Beazer E., Inc. v. The Mead Corp.*, No. Civ.A. 91-0408, 2006 WL 2927627, *2 (W.D. Pa. Oct. 12, 2006)). Moreover, the absence of controlling law on a particular issue can constitute "substantial grounds." *See Chase Manhattan Bank v. Iridium Afr. Corp.*, 324 F. Supp. 2d 540, 545 (D. Del. 2004). The principles articulated in these cases are satisfied here. More specifically, although Tennessee argues that this criterion is not satisfied because there is no split within the Third Circuit on whether federal law applies in such cases, (*see* Doc. 47, 4-6), as I noted in both *King Arthur* and *Fox Hollow*: (1) this issue has not been addressed by either the Supreme Court or the Third Circuit; and (2) there is no uniform consensus on the resolution of this issue. *See King Arthur*, 2017 WL 3727449, at *4 (collecting cases); *Fox Hollow*, 2014 WL 690700, at *6-10 (collecting cases). Consequently, not only is there an absence of controlling law on this particular issue, but there are also conflicting determinations from other district courts and Courts of Appeals. *See King Arthur*, 2017 WL 3727449, at *4; *Fox Hollow*, 2014 WL 690700, at *6-10.

    Lastly, an immediate appeal will "materially advance the ultimate termination of the litigation." Tennessee does not appear to dispute that this criterion is met. (*See* Doc. 47, 4-6). "Several factors are pertinent in determining whether an immediate appeal would materially advance the ultimate termination of the litigation, including: (1) whether the need for trial would be eliminated; (2) whether the trial would be simplified by the elimination of complex issues; and (3) whether discovery could be conducted more expeditiously and at less expense to the parties." *Patrick v. Dell Fin. Servs.*, 366 B.R. 378, 387 (M.D. Pa. 2007) (citing *Interwave Tech., Inc. v. Rockwell*

*Automation, Inc.*, No. Civ.A. 05-398, 2006 WL 401843, at *6 (E.D. Pa. Feb. 16, 2006)). Although the need for trial would not be eliminated by a resolution of this issue by the Third Circuit, an immediate appeal, as explained above, would promote judicial economy by alleviating the potential need for a second trial and the costs, particularly the multiple, duplicative expert witness fees that would accompany same. Given that the threshold issue for determining just compensation in this matter is whether to apply federal or state law, a resolution of this issue by the Third Circuit will materially advance the termination of the litigation.[2]

Accordingly, Defendants have satisfied the statutory criteria set forth in § 1292(b). Considering the unsettled nature of this legal question and its recurrence in this Court, this is the type of "exceptional case" warranting an interlocutory appeal. *See Nationwide Life Ins. Co.*, 2011 WL 1044864, at *2. Furthermore, a stay is appropriate in this case because the issue awaiting resolution in this action, *i.e.*, the determination of just compensation owed to Defendants, is dependent upon the outcome of the certified appeal.

## IV. Conclusion

For the above state reasons, Defendants' motion to amend the August 30, 2017 Memorandum and Order to permit an appeal pursuant to 28 U.S.C. § 1292 will be granted. The following question will be certified for appeal: whether federal law governs the substantive determination of just compensation in condemnation actions commenced under the Natural Gas Act, 15 U.S.C. § 717 *et seq*. The action will be stayed pending resolution of the certified appeal.

An appropriate order follows.

November 1, 2017　　　　　　　　　　　　　　　　/s/ A. Richard Caputo
Date　　　　　　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[2] This is especially so in view of the testimony of the parties' respective expert witnesses as to the amount of damages suffered by Defendants due to the taking of the easements. *See King Arthur*, 2017 WL 3727449, at *1-2.